UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN FAMILY INSURANCE CO., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:10-cv-01124-JMS-DML |
| HEWLETT-PACKARD COMPANY, | ) |
| Defendant. | ) |

# Order on Defendant's Motion for Leave to File Third-Party Complaint

This matter is before the court on the motion (Dkt. 41) by defendant Hewlett-Packard Company ("HP") for leave to file a third-party complaint against Sony Energy Device Corp., a Japanese company, and Sony Taiwan Ltd., a Taiwanese company. Plaintiff American Family Mutual Insurance Co. as subrogee of Melanie Cox ("American Family") did not respond to the motion and thus voiced no objection to it.

This case arises out of a fire on January 13, 2010, at the home of Melanie Cox, whose home was insured by plaintiff American Family. American Family paid an insurance claim by Ms. Cox and brings this action against HP as subrogee of Ms. Cox. American Family filed its original complaint in Marion Superior Court on August 19, 2010, and it was removed to this court on September 7, 2010. The operative complaint (an amended complaint filed October 18, 2010) alleges that the fire "was caused by a laptop/tablet computer or the battery powering such computer," and HP is liable for the resulting damages because it manufactured "the computer and/or battery." (Amended Complaint, Dkt. 18, ¶¶ 4-5). The complaint seeks relief under Indiana's products liability statute based on HP's alleged negligent manufacture of the

"computer/battery" or selling of the "computer/battery" in an unreasonably dangerous defective condition. (*Id.,* ¶ 6).

HP's motion for leave to file a third-party complaint against Sony Energy and Sony Taiwan states that HP has conducted various forensic tests of the charred remains of the laptop and identified the battery cells as "Sony" battery cells.[1] HP's proposed third-party complaint asserts against Sony Energy and Sony Taiwan products liability claims because of their purported negligent manufacture, design, testing, or marketing of the battery or their sale of the battery in a defective and unsafe condition, and breach of express and implied warranty claims. HP alleges that if American Family recovers against HP because the computer's battery was defective, then HP is entitled to recover against Sony Energy and Sony Taiwan because of contractual indemnification rights or, presumably, common law tort indemnification rights. HP's claims, therefore, seem to fit the type of third-party claim contemplated by Fed. R. Civ. P. 14, i.e., a claim based on substantive law that the third-party defendant is or may be liable to the third-party plaintiff for all or part of the original claim brought against it.

A third-party complaint must be brought at the same time the third-party plaintiff serves its answer or within 14 days after serving its original answer. Fed. R. Civ. P. 14(a)(1). Otherwise, leave of court must be obtained. *Id.* Under the case management order governing this case, the deadline for filing motions for leave to amend pleadings or to join additional parties

---

[1] HP does not tell the court why its identification of the battery cells as "Sony" cells led it to name Sony Energy and Sony Taiwan as third-party defendants. The proposed third-party complaint treats Sony Energy and Sony Taiwan collectively, so it provides no hint regarding each entity's relationship to the battery. Further, HP's motion refers to its attempt to tender its defense against Ms. Cox's claim to "Sony Corporation of America," and states that because Sony Corporation of America has not responded to HP's tender, HP decided to seek leave to file the third-party complaint. Yet the proposed third-party complaint says nothing about Sony Corporation of America. The court assumes, at this juncture, that HP's naming of Sony Energy and Sony Taiwan satisfies its Rule 11 obligations.

was January 7, 2011. (Dkt. 12 at p. 2). HP's motion for leave is nearly nine months late, and its untimeliness may be excused by the court only for good cause, Fed. R. Civ. P. 16(b)(4); *Alioto v. Town of Lisbon,* 2011 WL 2642369 at *3 (7th Cir. July 7, 2011), tested primarily by the party's relative diligence even though it did not meet the original deadline. *Id.* at *4. HP's proposed new pleading also must satisfy the standards of Rule 15, under which courts freely grant leave to amend if other factors—undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, futility—do not outweigh the court's indulgence. *Alioto,* 2011 WL 2642369 at *3; *Trustmark Ins. Co. v. General & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005); *Shotts v. Bombardier, Inc.,* 2006 WL 1663837 at *1 (S.D. Ind. 2006).

The court is satisfied that HP has demonstrated sufficient diligence in seeking leave to bring its third-party complaint. As early as the parties' initial case management plan, HP has been trying to determine the manufacturer of the battery in the laptop. (*See* Dkt. 12, filed October 7, 2010). An affidavit of HP's counsel details the efforts HP has taken to identify the manufacturer, including site and evidence inspections and the conduct of forensic tests on the charred remains of the laptop, between March 1, 2010 and June 24, 2011. (Dkt. 42-1). HP's efforts were slowed at some points by logistical difficulties in obtaining the laptop from Ms. Cox's employer—an Indiana state agency—because of transfers of the laptop among agencies. Specifically, HP's counsel testified by affidavit that:

> Efforts to identify the laptop and potential causes of the fire include, but have not been limited to, the following: 1) the March 1, 2010 initial site inspection; 2) an April 7, 2010 evidence examination; 3) an November 30, 2010 subpoena to the Indiana Department of Child Services for the production of documents; 4) follow-up communications on January 19, 2011, February 1, 2011, and February 9, 2011, with Eugene Velazco, Deputy Chief Legal Counsel, Indiana Department of Child Services regarding identification of Ms. Cox's laptop; 5) April 12, 2011 x-rays of the battery cells from the laptop; 6) an attempted evidence exam at the Indiana Department of Child Services, Gary, Indiana, to inspect the computers as Ms. Cox's employer; 7) a May 31, 2011

> repeat evidence exam; and 8) a June 24, 2011 evidence exam at the Indiana Department of Technology, as well as other efforts. These efforts, and more specifically the May 31, 2011 evidence exam that included higher quality x-rays have led Defendant Hewlett-Packard to identify the battery cells from Ms. Cox's laptop as Sony battery cells.

(Dkt. 42-1, ¶ 5).

The court is also satisfied that leave to amend is appropriate under Rule 15 principles. Although adding Sony Energy and Sony Taiwan will likely require changes to the case management deadlines and the trial date to allow Sony Energy and Sony Taiwan to participate fully in the defense of this case, the efficiencies promoted by Rule 14 third-party practice override those delays here. Moreover, discovery from and about Sony Energy and Sony Taiwan and the manufacture, testing and, sale of batteries to HP would have to be pursued even if they were not parties. Discovery is more efficient if they are parties. And if they are parties, the entire controversy regarding the cause(s) of the fire and the persons responsible can be determined in one case. As the Seventh Circuit commented long ago, Rule 14 is designed to accomplish efficiencies in the dispensation of justice by forgoing two successive lawsuits involving substantially the same evidence and legal arguments when one lawsuit will do:

> [Rule 14] is designed to avoid circuity of actions and to expedite the resolution of secondary actions arising out of or in consequence of the action originally instituted. The rule guarantees consistent results, saves the time and cost involved in needless repetition of evidence at a subsequent trial, and prevents the defendant in the original action from being handicapped by the time which may elapse between a judgment against him and a judgment in his favor. . . .

*Colton v. Swain,* 527 F.2d 296, 299 (7th Cir. 1975); *see also Blair v. Cleveland Twist Drill Co.,* 197 F.2d 842, 845 (7th Cir. 1952) (Rule 14 is designed to avoid "circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even handed justice expeditiously and economically.")

## **Conclusion**

For the foregoing reasons, HP's motion (Dkt. 41) for leave to file third-party complaint is GRANTED. The third-party complaint, at Dkt. 42-2, shall be docketed by the clerk. HP expeditiously shall serve the complaint and appropriate summonses on the third-party defendants and file proofs of service.

Further, the court acknowledges that plaintiff American Family and HP complied with the court's directive to tender a proposed new case management plan (Dkt. 39). The court defers entry of a new plan until the third-party defendants are served and appear, so long as service and their appearance occurs in the near future. If, for any reason, HP is unable quickly to effect service, the court may consider severing the third-party claims.

So ORDERED.

Date: 09/28/2011

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

James Carroll Buehler
BUEHLER ASSOCIATES
jcb@buehlerlaw.com

Jeffrey Alan Doty
BUEHLER ASSOCIATES
jadoty@buehlerlaw.com

Jacqueline R. Sheridan
ULMER & BERNE LLP
jsheridan@ulmer.com